DUNCAN, Circuit Judge,
concurring:
The dissent challenges, as unconstitutional on its face, a federal statute designed for the very purpose of eliminating arbitrariness in capital sentencing. Although the dissent suggests that the imposition of the death penalty under the act can turn solely on whether the defendant committed non-violent crimes, that is sim *102 ply not the case. The Federal Death Penalty Act contains numerous safeguards to foster its goal. Among others, as a threshold matter, the FDPA authorizes the death penalty only for certain crimes— here, a premeditated murder of a particularly heinous nature. And at no point is the jury required to impose a sentence of death. In order to impose the death penalty even for premeditated murder, the jury would have to find at least one statutory aggravating factor. The jury is also required, as it did here, to consider mitigating factors. Finally, the statute calls for reconsideration of the death penalty when its imposition appears to have resulted from the influence of arbitrary factors.
We are not the only circuit to have concluded that this structure passes constitutional muster. The only other circuit to have addressed this issue found similarly. See United States v. Bolden, 545 F.3d 609, 616-17 (8th Cir.2008). With respect, the extraordinary step of finding a federal statute facially unconstitutional is not warranted here.